Cesar Gonzalez **GONZALEZ;**
Maria Araceli Gonzalez
Valdez, Petitioners,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–71348.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 29, 2006.

Cesar Gonzalez Gonzalez, La Puente, CA, pro se.

Maria Araceli Gonzalez Valdez, La Puente, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Michele Y.F. Sarko, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

Cesar Gonzalez Gonzalez and Maria Araceli Gonzalez Valdez, natives and citi-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

zens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, because they did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not demonstrate prima facie eligibility for relief under the Convention Against Torture ("CAT"), *see* 8 C.F.R. § 1208.16(c)(2) (applicant for CAT relief must prove "it is more likely than not that he or she would be tortured if removed to the proposed country of removal"); *Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen.").

Petitioners' reliance on *Khourassany v. INS,* 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the 90–day time limit for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITION FOR REVIEW DENIED.**